In re AMOSKEAG BANK SHARES, INC., Debtor.

Dennis G. BEZANSON, Chapter 7 Trustee, Citizens Bank New Hampshire, and Thomas Quarles, Sr., Plaintiffs,

v.

UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 91–13065–JEY. Adversary No. 97–1021–JEY.

United States Bankruptcy Court. D. New Hampshire.

Sept. 18, 1997.

Dennis Bezanson, Portsmouth, NH, Trustee.

Thomas Quarles, Jr. and Daniel Callaghan, Manchester, NH, for Tom Quarles Sr.

Henry Riordan, Washington, DC, for U.S. IRS.

### ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

JAMES E. YACOS, Chief Judge.

This adversary proceeding came before the Court on September 10, 1997 for a further Pretrial and hearing on a Motion for Summary Judgment, filed by Thomas Quarles, Sr. ("Quarles") (Adv.Doc. No. 37), an Objection and cross Motion to Dismiss or for Summary Judgment, filed by the United States of America, Internal Revenue Service ("IRS") (Adv. Doc. Nos. 41 and 40 respectively), and

Quarles' Objection thereto (Adv.Doc. No. 47). Both motions relate to the Chapter 7 Trustee's Complaint filed pursuant to 11 U.S.C. § 105 and 11 U.S.C. § 505(a)(1), by which the trustee seeks a declaratory judgment as to the trustee's liability, if any, for federal withholding taxes and for payment of FUTA and FICA taxes with regard to certain claimants holding general unsecured claims.[1]

Also before the Court was a Motion for Partial Judgment on the Pleadings, filed by Citizens Bank New Hampshire, successor by merger to First NH Bank ("Bank") (Adv. Doc. No. 43), and a Limited Objection thereto, filed by the IRS (Adv.Doc. No. 45). At the call of the hearing, the Bank and the IRS announced that they had reached a settlement of their dispute, which settlement has been approved by Order dated September 15, 1997 (Adv.Doc. No. 49). Accordingly, the only claimant remaining subject to this adversary proceeding is Quarles.[2]

Quarles asserts that his claim of $56,000 (POC # 265) is for the present value of lifetime health insurance benefits, which he contends are not "wages" subject to federal taxes. Quarles states that when he retired as Vice President and Investment Officer from Amoskeag Bank in 1988, one of his retirement benefits was lifetime medical insurance coverage, which Amoskeag Bank paid until its failure in October of 1991. Quarles states that he has paid actual out-of-pocket costs of $16,000 and that he estimates the cost of future medical coverage at $40,000.[3] Quarles' claim amount is premised upon a the value of a life expectancy of 13.9 years, derived from the Internal Revenue Services' actuarial tables, reduced to present value. Quarles submitted affidavits attesting to the foregoing in support of his request for summary judgment.

The IRS responds that Quarles lacks standing to pursue this matter, because the debtor, the bankruptcy estate of Amoskeag Bank Shares, Inc., is the taxpayer in this instance, not Quarles. The IRS also contends that the Court lacks subject matter jurisdiction under § 505(a) of the Bankruptcy Code, because the proper procedure for predetermination of tax liability of a bankruptcy estate is under § 505(b).

■ The Court heard the parties' oral arguments and ruled that Quarles has standing to pursue this matter, and that the Court has subject matter jurisdiction under § 505(a) of the Bankruptcy Code to adjudicate this matter. On the issue of standing, the Court found that this matter entails a bona fide dispute between Quarles and the IRS, because if the IRS prevails then the distribu-

---

1. Thomas Quarles, Sr. and Citizens Bank New Hampshire filed Motions for Joinder or to Intervene as parties plaintiffs (Adv. Doc. Nos. 33 and 18 respectively), which were granted by the Court.

2. This adversary proceeding initially involved only the Chapter 7 Trustee as plaintiff and the United States of America, Internal Revenue Service as defendant. The trustee sought a determination as to his liability for withholding taxes and for paying FUTA and FICA taxes on distributions he proposed to make to several claimants of this bankruptcy estate, and addressed the factual allegations regarding each claimant in separate Counts of his Complaint.

   All but two of the claimants have reached a compromise with the trustee, whereby the trustee would generally allow the claims subject to deductions for withholding, for the employer's share of FICA*, FUTA*, and Medicare taxes, and for federal income tax at 31 percent of the gross amount. (The compromises for each claimant varied regarding what taxes would be deducted.) The claimants generally dispute that they were "employees" of the debtor or its subsidiary, and dispute that their claims are for "wages" subject to federal tax treatment. However, the claimants resolved their claims with the trustee to achieve an earlier distribution, and the claimants may or may not pursue their disputes with the IRS. The Court has previously issued Orders approving the trustee's motions to compromise with these claimants, and has entered a separate Final Judgment this date with regard to these claimants.

   As of the hearing on September 10, 1997, only two claimants remained involved in this adversary proceeding, Thomas Quarles, Sr. and Citizens Bank New Hampshire.
   * FICA is "Federal Insurance Contribution Act"
   * FUTA is "Federal Unemployment Tax Act"

3. The Chapter 7 Trustee originally objected to Quarles' claim, however after Quarles filed a Response thereto the Trustee amended his objection and requested the Court to allow the claim at $56,000. Accordingly, pursuant to the trustee's amended objection dated February 5, 1997 and this Court's Order dated March 21, 1997, Quarles' claim (POC # 265) is allowed in the amount of $56,000.

tion to Quarles will be reduced by the amount of withholding taxes[4] and by Quarles' portion of the employer's share of FICA and FUTA taxes[5]. Due to the unique situation in bankruptcy where the employees/creditors would in essence pay any employer's share of taxes, and where the trustee is not himself involved but is instead the distributor of any estate funds, the Court found that the trustee is not personally affected and that Quarles is the real party in interest.

■ On the issue of subject matter jurisdiction, the Court ruled that it has clear subject matter jurisdiction under § 505(a), which provides in part that "[T]he Court may determine the amount ... of any tax ... whether or not previously assessed, ... paid, [or] adjudicated." 11 U.S.C. § 505(a). The IRS argued that there is no tax to determine until and unless a tax return is filed that might create tax liabilities. The Court found this argument to be circular in the bankruptcy context, because the estate and trustee need to know the liability in advance so as to effectuate a complete and final distribution of all estate funds. If the estate/trustee assumed the worst and paid the tax liability, then litigated with the IRS and prevailed, the bankruptcy estate would need to remain open for a further distribution of the refunded monies. This routine would undermine the policy of expeditious and efficient administrations of bankruptcy estates. The Court observed that § 505(a) contains no statutory language that requires the filing of a return and the determination of a tax by the IRS prior to the Court's assessment.

■ The crucial issue presented is whether lifetime medical insurance benefits are "wages" within the meaning of the Internal Revenue Code ("IRC").[6] Internal Revenue Code §§ 3101(a) and 3401(a) define "wages" as "all remuneration ... for services performed by an employee for his employer", subject to certain exclusions. 26 U.S.C. §§ 3101, 3401. The exclusion which Quarles contends is applicable in this matter is set forth in IRC § 3121, which provides that "wages" do not include:

"... the amount of any payment ... made to, or on behalf of, an employee or any of his dependents under a plan or system established by an employer which makes provision for his employees generally ... or for a class or classes of his employees ... on account of medical or hospitalization expenses in connection with sickness or accident disability...."

26 U.S.C. § 3121(a)(2)(B).

The IRS contends that this exclusion does not apply, because the payments here are not being paid under a "plan". The claimant is estimating future payments, and both past actual payments and future estimated payments are under his own insurance policy rather than a company plan. Quarles responds that events beyond his control have caused the payments to be outside of a "plan"—the bank failed and ceased to operate—and that the thrust of the statute is to prevent abuse through employees receiving wages in the guise of medical benefits. Quarles argues that when an employer is defunct and unable to maintain a health plan to pay the employee's medical benefits, the

---

**4.** The amount withheld from payment of wages is technically not a "tax" but merely a collection mechanism subject to a credit when the employee files his tax return, however inasmuch as these monies will eventually go towards the payment of income taxes, and for logical clarity, this deduction is referred to herein as "withholding taxes".

**5.** Usually the employer has to pay a 7½ percent matching share of the employee's withheld taxes for social security taxes under FICA, however in a chapter 7 bankruptcy context there is no "employer" as such, but instead a pool of money to be distributed to the creditors of the bankruptcy estate. Consequently, to the extent that the employer's matching share of taxes is paid in the

chapter 7 bankruptcy context, it is actually paid from the amounts that would otherwise be distributed to the creditors, and therefore the creditors/alleged "employees" are paying the employer's share as well as their own taxes.

**6.** Quarles contended as a preliminary issue that this debtor was not his "employer", because he worked for Amoskeag Bank not for Amoskeag Bank Shares, Inc., and therefore that any payment from the debtor was by definition not "wages". The IRS countered that the determining factor is not who the payor is but what is paid, and if the payment is for "wages" then the IRC says the payor is an "employer" for purposes of withholding liability.

**4**

employee has no recourse but to pay the actual costs himself and estimate future costs.

The Court ruled that the phrase "on account of" in § 3121(a)(2)(B) of the Internal Revenue Code quoted above should be construed in the bankruptcy context, where the employer is defunct, to include the situation where an employee must pay for current medical costs himself and estimate future medical costs due to a breach of a contractual obligation by the employer to provide medical coverage directly under a plan. The Court observed that in this context there is no possibility that the estimation of future costs is subject to abuse between the employer and the employee.

In accordance with the foregoing, all parties present having been heard, and the Court having been fully apprised of this matter, it is hereby

ORDERED, ADJUDGED and DECREED as follows:

1. The Motion to Dismiss filed by the United States of America, Internal Revenue Service is denied insofar as it concerns a lack of standing of Thomas Quarles, Sr. to participate in this adversary proceeding, and the Court's findings of fact and conclusions of law dictated into the record during the hearing are incorporated herein by reference.

2. The Motion to Dismiss filed by the United States of America, Internal Revenue Service is denied insofar as it concerns a lack of subject matter jurisdiction for the Court to hear this matter under § 505(a) of the Bankruptcy Code, and the Court's conclusions of law dictated into the record during the hearing are incorporated herein by reference.

3. The Court's finding of facts and conclusions of law dictated into the record during the hearing, determining that lifetime medical insurance benefits are not "wages" within the meaning of the Internal Revenue Code for which the Chapter 7 Trustee is liable for withholding, and FUTA and FICA taxes, are incorporated herein by reference.

4. The Motion for Summary Judgment filed by Thomas Quarles, Sr. (Adv.Doc. No. 37) is granted.

5. The Motion to Dismiss or for Summary Judgment filed by the United States of America, Internal Revenue Service (Adv.Doc. No. 40) is denied.

6. The Chapter 7 Trustee has no withholding liability to the United States of America, Internal Revenue Service for FICA, FUTA, or income taxes relative to the distribution of $56,000 to Thomas Quarles, Sr. pursuant to Mr. Quarles' allowed claim (POC #265) for unpaid medical insurance benefits. This determination does not resolve any remaining disputes between the Internal Revenue Service and Thomas Quarles, Sr. regarding Mr. Quarles' gross income amount and tax liability thereon.

DONE and ORDERED.